**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FILED 6/26/01 9:55am

U.S. DISTRICT COURT MIDDLE DISTRICT OF FLORIDA ORLANDO, FLORIDA

**LINDA GONZALEZ,**

**Plaintiff,**

**v.** **CASE NO.: 6:01-CV-732-ORL-22-JGG**

**THE SHERWIN-WILLIAMS COMPANY,**
**an Ohio corporation,**

**Defendant.**

______________________________________/

**MEMORANDUM OF LAW**

I. Introduction

While a complaint need only recite sufficient facts to put a defendant on notice of the basis of the claim, the allegations must provide enough information to permit the defendant to fairly respond. Legal conclusions will not suffice to defeat a motion to dismiss. See, e.g., *Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995). The complaint filed herein displays several deficiencies, as outlined below.

II. Argument

A. Venue

The complaint contains no allegation of where the plaintiff resides, where the alleged torts occurred, or any other facts other than the legal conclusion that venue lies in Orange County. While this can be easily remedied, the burden is on the plaintiff to allege at least one bare fact to support the legal conclusion. See, e.g., *Bartholomew v. Virginia Chiropractors Assn.*, 612 F.2d 812 (4th Cir. 1979).



5

B. Strict Products Liability

The current Florida standard jury instructions for product liability are as follows:

PL4 (Manufacturing Flaw)

> "If it is in a condition unreasonably dangerous to (the user) and the product is expected to and does reach user without substantial change affecting that condition."

PL5 (Design Defect)

> "If by reason of its design the product is in a condition unreasonably dangerous to (the user) and the product is expected to and does reach the user without substantial change affecting that condition."

The complaint fail to allege either a defect in design, or that the paint was expected to and reached the user without substantial change affecting the condition. Therefore, the complaint fails to state the elements of strict liability drawn from the Florida recognized in the standard jury instructions. See, also, *West v. Caterpillar Tractor Company*, 336 So.2d 80 (Fla. 1976).

C. Implied Warranties

Counts III and IV of the complaint seek damages for breach of implied warranties without alleging any privity between the plaintiff and defendant. In *West v. Caterpillar Tractor Company*, 336 So.2d 80 (Fla. 1976), the Florida Supreme Court established the theory of strict products liability. It was further explained by the Supreme Court in *Kramer v. Piper Aircraft Corp.*, 520 So.2d 37 (Fla. 1988), that the *West* opinion fundamentally altered products liability in Florida, and that it was the court's intent to abolish implied warranty claims when a remedy of strict liability is appropriate. See, also, *Affiliates for Evaluation and Therapy, Inc. v. Viasyn Corp.*, 500 So.2d 688 (Fla. 3rd DCA 1987).

3. Counts I and V are actions for negligence. Count I Lists several alleged breaches of duty, including failure to warn and failure to provide safety information. Count V is essentially the same cause of action, albeit based on the single alleged act of misrepresenting the safety of the product. This simply realleges the same general breaches of duty without making any factual distinction that would support a separate cause of action. A claim that recasts the same elements under the guise of a different theory may be stricken as redundant. See, e.g., *Dethmers Manufacturing Co. v. Automatic Equipment Manufacturing Co.*, 23 F. Supp. 2d 974 (N.D. Iowa 1998).

D. Attorney's Fees

Under Florida law, an award of attorney's fees may be awarded only if there is statutory authorization or a contractual obligation (the "American Rule"). *Bell v. USB Acquisition Co.*, 734 So.2d 403 (Fla. 1999). Further, a party seeking attorney's fees must plead the basis for such a claim with particularity. See, e.g., *United Industries, Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762 (5th Cir 1996). The complaint is devoid of any facts that would support an award of attorney's fees.

III. Conclusion

Even in view of the spare requirements of notice pleading, the complaint should be dismissed and re-plead so as establish venue and eliminate improper causes of action and unsupported prayers for attorney's fees.

Signed this 25 day of June, 2001.

MICHAEL K. KIERNAN, ESQUIRE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true an correct copy of the foregoing was served by ~~Hand~~ overnight mail Delivery upon Dale T. Gobel, Esq., Drage, de Beaubien, Knight, Simmons, Mantzaris & Neal, L.L.P., 332 North Magnolia Avenue, Orlando, FL 32802, on this 25 day of June, 2001.

for MICHAEL K. KIERNAN, ESQUIRE
ABBEY, ADAMS, BYELICK, KIERNAN,
MUELLER & LANCASTER, L.L.P.
Post Office Box 1511
St. Petersburg, Florida 33731-1511
(727) 821-2080
FBN:391964/SPN:00330589
Attorney for Defendant

Q:\LIAB\Sherwin\mem-law