FILED
01 JUL 11 PM 1:40
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NUMBER: 6:01-cv-732-orl-22-JGG

LINDA GONZALEZ,

Plaintiff,

vs.

THE SHERWIN-WILLIAMS COMPANY,

Defendant.

______________________________________/

**PLAINTIFF LINDA GONZALEZ'S RESPONSE TO DEFENDANT THE SHERWIN-WILLIAMS COMPANY'S MOTION TO DISMISS AND MOTION TO STRIKE AND INCORPORATED MEMORANDUM OF LAW**

The Plaintiff, LINDA GONZALEZ, (hereinafter "Ms. Gonzalez) by and through his undersigned attorneys and pursuant to the *Federal Rules of Civil Procedure*, and Rule 3.01 (b) of the *Local Rules of the District Court of the United States for the Middle District of Florida* hereby files this Response To Defendant The Sherwin-Williams Company's Motion to Dismiss and Motion to Strike and Incorporated Memorandum of Law, and in support thereof states as follows:

**FACTS**

Ms. Gonzalez purchased two (2) cans of Dutch Boy Interior Wall & Trim paint (the "Dutch Boy Paint") from K-Mart on February 10, 1998. She used the Dutch Boy Paint to paint her apartment in mid-February of 1998. Immediately after Ms.

8

Gonzalez completed the painting she started feeling ill whenever she was in her apartment. On April 7, 1998, Ms. Gonzalez contacted K-Mart complaining that the Dutch Boy Paint was causing hair loss, stomach pains, headaches, loss of balance, difficulty breathing, tiredness, and digestive problems and a representative of K-Mart advised her to contact the manufacturer. Ms. Gonzalez notified Dutch Boy Paints and was advised that this was an isolated occurrence and that they would refund her money.

On May 3, 1998, Ms. Gonzalez was having severe respiratory distress and she was forced to seek treatment at the Bellevue Hospital Emergency Room. The physician in the emergency room referred her to Dr. Adian Buffaloe. On June 1, 1998, Ms. Gonzalez met with Dr. Buffaloe wherein Dr. Buffaloe ordered several medical tests. The results of such tests indicated a decrease in lymphocyte numbers and high levels of methylpentane and hexane. Dr. Buffaloe diagnosed Ms. Gonzalez with chemical induced neurotoxicity and chemically induced reactive airway disease. Dr. Buffaloe ordered six (6) weeks of daily detoxification to attempt to stabilize Ms. Gonzalez's symptoms.

Ms. Gonzalez has suffered greatly as a result of the exposure to the Dutch Boy Paint. The following is a non-exclusive list of ailments Ms. Gonzalez has suffered from, or continues to suffer from:

(1) chemically induced reactive airway disease and neurotoxicity, which the doctors advise will never be cured;

(2) post traumatic stress disorder;

(3) hair loss, stomach pains, headaches, loss of balance, difficulty breathing, tiredness, and digestive problems;

(4) humiliation and loss of self-esteem due to becoming homeless trying to find a home that did not aggravate her symptoms; and,

(5) Bell's Palsy which is a condition related to the inhalation of the Dutch Boy Paint fumes and indicative of a neuro-cognitive deficit.

Furthermore, Ms. Gonzalez had to move from her apartment due to the Dutch Boy Paint fumes. However, she found herself homeless because she was unable to find a domicile that did not aggravate her symptoms.

Currently, Ms. Gonzalez has constant pain and measurable limitations in her daily life. Prior to her exposure to Dutch Boy Paint, Ms. Gonzalez worked as a licensed CPA and also worked as a social worker. She has been unable to return to her previous employment due to the injuries sustained. The exposure to Dutch Boy Paint resulted in, and will continue to provide, serious negative financial and social consequences to Ms. Gonzalez.

Ms. Gonzalez has suffered painful illnesses that will affect her for the rest of her life. Ms. Gonzalez's pain was experienced not only at the time of the injury, but during the healing process as well. Moreover, the pain and mental anguish could potentially last for the rest of her life.

At the time of the incident, Ms. Gonzalez was active, generally healthy, and productive. She participated in and enjoyed many activities, including biking, and swimming. As a result of her injuries, Ms. Gonzalez has not been able to return to

all her professional and social activities without suffering regular and consistent pain when she now attempts these activities.

As a result of the high levels of methylpentane and hexane in the Dutch Boy Paint and the negligence of The Sherwin-Williams Company, Ms. Gonzalez has suffered several substantial injuries. Based upon such injuries, on or about February 6, 2001, the Plaintiff, Ms. Gonzalez, filed a five count complaint against the Defendant, The Sherwin-Williams Company, in Orange County Circuit Court in Orlando, Florida.

On or about June 19, 2001, Sherwin-Williams removed this case to this Court based on diversity of citizenship jurisdiction, 28 U.S.C. §§ 1441 and 1332. On or about June 25, 2001, Sherwin-Williams filed the Motion to Dismiss and Motion to Strike that is the subject of this response.

## ARGUMENT

### I. MOTIONS TO DISMISS ARE NOT FAVORED AND MS. GONZALEZ HAS SUFFICIENTLY PLED VENUE.

Motions to dismiss for failure to state a claim are generally viewed with disfavor. Klaskala v. U.S. Dept. of Health, 889 F.Supp. 480 (S.D. Fla. 1995). A complaint should not be dismissed for failure to state a cause of action unless it appears beyond a doubt that the plaintiff can prove no set of facts that support a claim for relief. Patterson v. Downtown Medical, 866 F.Supp. 1379 (M.D. Fla. 1994). A motion to dismiss on basis of pleadings should rarely be granted. Garcia v. Av-Med, 958 F.Supp. 592 (S.D. Fla. 1997).

The Defendant argues it its Motion to Dismiss that the "complaint fails to allege facts sufficient to establish venue." The burden is on Sherwin-Williams to demonstrate that the venue chosen by Ms. Gonzalez is improper. Suzanne Walker & Associates v. Qualtec Quality Services, 660 So. 2d 384 (Fla. 5th DCA 1995). Ms. Gonzalez alleged in paragraph 2 of her Complaint that "[v]enue is properly laid in Orange County, Florida, pursuant to Chapter 47, Florida Statutes." Pursuant to §47.051, Florida Statutes, actions against foreign corporations doing business in Florida can be brought in a county where the corporation has an agent or representative. Also see Aladdin Ins. Agency v. Jones, 687 So. 2d 937 (Fla. 3d DCA 1997) (holding that for purposes of bringing actions against a foreign corporation doing business in Florida the corporation resides where it has an agent or representative).

Ms. Gonzalez further alleged in paragraph 3 of her Complaint that "Defendant is an Ohio corporation licensed and authorized to transact business in the State of Florida with its principal place of business located at 101 Prospect Avenue, N.W., Cleveland, Ohio, 44115. Defendant engages in business in the State of Florida. Specifically, Defendant maintains stores and agents in Orlando, Florida, and has employees, telephone listings and goods throughout the State of Florida. . ."

Ms. Gonzalez, therefore, has alleged that Sherwin-Williams is an Ohio corporation licensed and authorized to transact business in the State of Florida and Sherwin-Williams has an agent in Orlando, Florida (Orange County). Pursuant to §47.051, Florida Statutes, because Sherwin-Williams is a foreign corporation doing

business in Florida with an agent in Orlando, Florida, venue is proper in Orange County. As such, Ms. Gonzalez has alleged facts sufficient to support her allegation that venue in Orange County, Florida is proper.

**II. NEGLIGENCE AND NEGLIGENT MISREPRESENTATION ARE RECOGNIZED AS TWO SEPARATE AND DISTINCT CAUSES OF ACTION, AND, THEREFORE, ARE NOT DUPLICATIVE.**

The Defendant mistakenly asserts that negligence and negligent misrepresentation are essentially the same cause of action. Rather, the tort of negligence and negligent misrepresentation are two (2) separate and distinct causes of action. As such, the causes of action are not duplicative and Ms. Gonzalez may maintain both causes of action simultaneously.

The tort of negligence has four (4) well-established elements. The elements that must be proven in a negligence case are, (a) duty; (b) breach of duty; (c) proximate cause; and, (d) damages. Krehling v. Baron, 900 F. Supp. 1578 (M.D. Fla. 1995).

Ms. Gonzalez has alleged in her Complaint that Defendant, as the manufacturer of the Dutch Boy Paint used by Ms. Gonzalez, owed a duty to her to, (a) design a reasonably safe product; (b) test and inspect its Dutch Boy Paint; (c) warn of the reasonably foreseeable dangers associated with Dutch Boy Paint; (d) provide adequate safety information regarding Dutch Boy Paint.

Ms. Gonzalez further asserted that Defendant breached its duty to design a reasonably safe product. Defendant breached its duty to test and inspect the Dutch Boy Paint. Defendant breached its duty to warn the Plaintiff of the reasonably

foreseeable dangers associated with Dutch Boy Paint or its application. Defendant breached its duty by not providing adequate safety information regarding Dutch Boy Paint or its application. Defendant breached its duty to Plaintiff to label such paint with all reasonably foreseeable warnings and notify the Plaintiff of all reasonably foreseeable dangers or hazards to her health associated with the Dutch Boy Paint or its application.

Ms. Gonzalez has also alleged that the injuries she has sustained are a natural, probable and proximate result of Defendant's negligence and such injuries were reasonably foreseeable by Defendant. Ms. Gonzalez has pled damages as she alleged that she has suffered actual physical injuries, mental anguish, and emotional distress and been unable to work and/or maintain steady employment due to her injuries. Ms. Gonzalez, therefore, has pled all of the necessary elements to sustain a cause of action for negligence against Sherwin-Williams.

In an action for negligent misrepresentation, the plaintiff must prove different elements. The elements that must be proven in a negligent misrepresentation action are, (a) misrepresentation of a material fact; (b) the representer must either know of the misrepresentation, or must make the misrepresentation without knowledge as to its truth or falsity, or must make representations under circumstances in which the tortfeasor should have known of the falsity of the representation; (c) the representer must intend that the representation induce another to act on it; and, (d) injury must result in justifiable reliance on the misrepresentation. Atlantic National v. Vest, 480

So.2d 1328 (Fla. 2d DCA 1985); Florida Women's v. Sultan, 656 So. 2d 931 (Fla. 4th DCA 1995).

In the instant case, Ms. Gonzalez has alleged that the Defendant misrepresented many crucial and material facts about the Dutch Boy Paint. Defendant negligently misrepresented to Plaintiff that the Dutch Boy Paint could safely be used by the Plaintiff to paint the interior walls and trim in her residence.

Ms. Gonzalez further asserts that these false misrepresentations were made with the intention and purpose of inducing Plaintiff to purchase and use the Dutch Boy Paint. Further, Defendant's negligent misrepresentations to Plaintiff were false at the time made, and "Defendant knew or should have known such to be false at the time the Plaintiff purchased the Dutch Boy Paint."

Ms. Gonzalez also alleged that the "Plaintiff reasonably relied on Defendant's false misrepresentations and Plaintiff was reasonably induced to purchase the Dutch Boy Paint [and] [a]s a proximate result of Defendant's negligent misrepresentations, Plaintiff has been injured and suffered damages."

Ms. Gonzalez therefore, has pled all of the necessary elements to sustain the separate and distinct causes of action for negligence and negligent misrepresentation against Sherwin-Williams.

**III. MS. GONZALEZ HAS PROPERLY PLED HER CLAIM FOR STRICT PRODUCTS LIABILITY.**

A motion to dismiss for failure to state a claim is a motion questioning the legal sufficiency of a complaint. Digiro v. Pall Aeropower, 19 F. Supp. 2d 1304 (M.D. Fla.

1998). The standard on a motion to dismiss for failure to state a claim is not whether the plaintiff will prevail, but rather, whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. Harris v. Iorio, 922 F.Supp. 588 (M.D. Fla. 1996). In deciding on a motion to dismiss the district court is required to view the complaint in the light most favorable to the plaintiff and the plaintiff is only required to make a short and plain statement of the claim. Unkel v. Liggett Group, 172 F.R.D. 474 (M.D. Fla. 1997). The threshold of sufficiency of a complaint to survive a motion to dismiss is "exceedingly low." Kissimmee River Valley v. City of Lakeland, 60 F.Supp.2d 1289 (M.D. Fla. 1999).

Under Florida's strict products liability standard, the manufacturer of a defective product can be held liable if the manufacturer (a) made the product in question, (b) the product has a defect that renders it unreasonably dangerous, and (c) the unreasonably dangerous condition is the proximate cause of the plaintiff's injury. Jennings v. BIC, 181 F.3d 1250 (11th Cir. 1999). Further, in a strict liability action it is unnecessary to show that the manufacturer has been negligent in any way. The manufacturer can be found liable even though it was "utterly nonnegligent." Id. A product may be defective by virtue of a "design defect, a manufacturing defect or an inadequate warning." Id at 1255.

Ms. Gonzalez has properly pled that Sherwin-Williams made the product in question. In the Complaint Ms. Gonzalez alleged that "Dutch Boy Paint is a product" and, "Dutch Boy Paint is a product manufactured by Defendant." As such, Ms. Gonzalez has sufficiently alleged the first element necessary to prove strict liability.

Ms. Gonzalez has alleged that the product manufactured by Sherwin-Williams has a defect that renders it unreasonably dangerous. Specifically, Ms. Gonzalez asserted in her Complaint that "Dutch Boy Paint was in an unreasonably dangerous condition for use by the Plaintiff at the time it left the control of the Defendant and at all other relevant times. Further, the Dutch Boy Paint label was unreasonably dangerous as it failed to warn of the dangers and hazards associated with the Dutch Boy Paint and/or its application." Ms. Gonzalez, therefore, has properly pled the second element required to prove strict liability.

The last element in a strict liability cause of action that must be pled is that the unreasonably dangerous condition is the proximate cause of the plaintiff's injury. Ms. Gonzalez alleged in her Complaint that "[t]he dangerous condition of Dutch Boy Paint is the proximate cause of the injuries sustained by Plaintiff. Plaintiff has suffered physical injuries and has otherwise been damaged by the Dutch Boy Paint."

The Complaint filed by Ms. Gonzalez, therefore, alleges all of the elements of a strict liability cause of action. Moreover, Ms. Gonzalez has pled sufficient facts to exceed the threshold of sufficiency on a motion to dismiss. As such, the strict liability cause of action should not be dismissed.

**IV. MS. GONZALEZ HAS PROPERLY PLEAD HER DEMAND FOR ATTORNEYS FEES AND IT IS PROPER TO INCLUDE SUCH A DEMAND IN HER COMPLAINT.**

The Defendant mistakenly asserts that the "complaint fails to allege facts adequate to support demands for attorneys' fees." In paragraph 10 of the Plaintiff's Complaint, Ms. Gonzalez alleged "[a]s a result of Defendant's conduct, it has

become necessary for Plaintiff to retain the services of the undersigned attorneys, and Plaintiff is obligated to pay attorneys' fees and costs incident to bringing this action." Paragraph 10 of the Complaint was incorporated by reference into Count II through V of the Complaint. As such, Ms. Gonzalez has sufficiently alleged facts to support the award of attorneys fees and costs.

It is well established that a claim for attorneys' fees must be pled and failure to do so constitutes waiver of such claim. Stockman v. Downs, 573 So. 2d 835 (Fla. 1991). In Stockman, the Florida Supreme Court reasoned that the attorneys' fees pleading requirement was intended to notify the opposing party of the claims alleged and prevent unfair surprise.

Ms. Gonzalez, therefore, was required to request attorneys' fees and costs in her Complaint or be subjected to an argument by Defendant that she waived any claim for attorneys' fees and costs. It was proper for Ms. Gonzalez to include a prayer for attorneys' fees to put the Defendant on notice of such a claim and to prevent unfair surprise. As such, the Ms. Gonzalez's request for attorneys' fees and costs should not be stricken.

**CONCLUSION**

Ms. Gonzalez has properly pled her Complaint against Sherwin-Williams and, as such, none of the claims contained within the Complaint should be dismissed. Additionally, Ms. Gonzalez has properly included a prayer for attorneys' fees and her request for attorneys' fees and costs should not be stricken.

WHEREFORE, for all of the reasons stated above, Plaintiff, LINDA GONZALEZ, respectfully requests that this Court deny Defendant, THE SHERWIN-WILLIAMS COMPANY'S Motion to Dismiss and Motion to Strike and award Plaintiff any such other and further relief to which it is entitled.

**DALE T. GOBEL**
Florida Bar Number 0980439
**BART R. VALDES**
Florida Bar Number 323380
Drage, de Beaubien, Knight Simmons,
Mantzaris & Neal, LLP
332 North Magnolia Avenue
Orlando, Florida 32802-0087
Telephone: (407) 422-2454
Facsimile: (407) 849-1845
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail on this 11th day of July, 2001, to Michael K. Kiernan, Esq., Abbey, Adams, Byelick, Kiernan, Mueller & Lancaster, L.L.P., 360Central Avenue, 11th Floor, St. Petersburg, Florida 33731.

**DALE T. GOBEL**
Florida Bar Number 0980439
**BART R. VALDES**
Florida Bar Number 323380
Drage, de Beaubien, Knight, Simmons, Mantzaris & Neal, L.L.P.
332 North Magnolia Avenue
Post Office Box 87
Orlando, Florida 32802-0087
Telephone: (407) 422-2454
Facsimile: (407) 849-1845
Attorneys for Plaintiff